[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10275

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

D. C. Docket No. 6:08-cv-00138-PCF-KRS

CYNTHIA R. JARVIS,

Plaintiff-Appellant,

versus

CHARLES F. BOLDEN, JR., Administrator,
National Aeronautics and Space
Administration, NASA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2011)

Before MARCUS and ANDERSON, Circuit Judges, and ALBRITTON,* District
Judge.

PER CURIAM:

_____
*Honorable William H. Albritton, III, United States District Judge for the Middle District of
Alabama, sitting by designation.

After oral argument and careful consideration, we conclude that the judgment of the district court should be affirmed.  Plaintiffs make only two arguments on appeal. First, plaintiff argues that the district court erred in failing to allow into evidence more details with respect to plaintiff's two previous complaints of discrimination and retaliation, the 2004 complaint and the 2005 complaint.  This argument of plaintiff has to be evaluated in light of the fact that the district court did allow the plaintiff to testify as to the fact of the two complaints, the nature thereof, the resolution thereof, and the knowledge thereof on the part of the relevant persons.   Plaintiff's argument fails because, inter alia, plaintiff invited error in this regard. Although plaintiff initially opposed NASA's motion in limine to limit such evidence, at the subsequent pretrial conference, plaintiff's attorney and the district court engaged in a thorough discussion of the precise evidence that was appropriate in this regard.   And plaintiff expressly agreed, saying: "I don't want to go into it in detail ... I don't intend to dwell on the facts of the prior cases." Even if there were not invited error, plaintiff clearly did not preserve her objection, and cannot on appeal demonstrate plain error.  Additional details with respect to the 2004 and 2005 complaints are arguably relevant only with respect to retaliation vel non (or Lewellen's motive to retaliate).  However, the jury found that plaintiff failed to prove an adverse employment action, wholly aside from any retaliation.

2

In any event, the district court did not abuse its discretion in declining to permit plaintiff to testify as to even more details about the 2004 and 2005 complaints. The district court did not abuse its discretion in concluding that that would only have confused and misled the jury and shifted the focus away from the retaliation claim at issue. Fed.R.Evid. 403.

Plaintiff's second argument on appeal is that the district court erred in excluding evidence that the EEOC's resolution of the 2005 complaint included a recommendation that NASA consider disciplining Lewellen, and that NASA failed to do so. With respect to this argument, the record is clear that plaintiff's attorney at the pretrial conference invited error, if any. Even if it were error, any error would be harmless for the same reason that plaintiff's first argument does not constitute plain error – i.e., the failure of NASA to discipline Lewellen with respect to the 2005 complaint is not remotely relevant to the jury's finding in this case that plaintiff's alleged retaliation did not constitute an adverse employment action. Finally, we conclude in any event that there was no error; the district court was within its discretion to exclude the evidence.

Accordingly, the judgment of the district court is

AFFIRMED.